United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON OLSON,<br>Plaintiff,<br>v.<br>ALBERTSONS COMPANIES, INC.,<br>Defendant. | Case No. 26-cv-07321-TLT<br><br>**ORDER REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT CASE NO. 26CV191145**<br><br>Re: Dkt. Nos. 22-24 |

Plaintiff Devon Olson filed this putative class action against Albertson's Companies, Inc., alleging it installs third-party trackers on individuals' internet browsers when they visit the website https://www.safeway.com in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, and various California laws. ECF 1-1. Plaintiff initially filed the complaint in the Alameda County Superior Court, and Defendant removed it based on federal question jurisdiction and under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *See generally* ECF 1, 1-1.

As a review of the complaint raised concerns about the Court's subject matter jurisdiction, the parties were ordered to address Article III standing based on Plaintiff's failure to allege facts that support an inference she suffered a concrete injury. ECF 22. The Court also ordered Defendant to address why this action should not be remanded to the Alameda County Superior Court. *Id*. at 2. The parties timely submitted their responses. ECF 23–24. Plaintiff's response contends that the existing complaint establishes Article III standing. ECF 23. Defendant's response concedes Plaintiff lacks Article III standing. ECF 24. Having considered the submissions and legal authority, the Court finds that this action lacks Article III standing.

Separately, Defendant requests the Court dismiss the action rather than remand. *Id*. Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks

subject matter jurisdiction [over a case removed from state court], the case shall be remanded." "[T]he literal words of §1447(c) [] on their face, give [] no discretion to dismiss rather than remand an action"; rather, [t]he statute declares that, where subject matter jurisdiction is lacking, the removed case 'shall be remanded.'" *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991). While "[a] narrow futility exception to this general [remand] rule permits the district court to dismiss an action rather than remand," it is only where "there is absolute certainty that the state court would dismiss the action following remand." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56F.4th 1179, 1189 (9th Cir. 2022) (cleaned up, emphasis added).[1] Defendant has not shown dismissal is an absolute certainty, and the Court follows the mandate of Section 1147(c) and remands this action to state court.

Accordingly, this action is REMANDED to the Alameda County Superior Court, Case No. 26CV191145, for lack of subject matter jurisdiction.

The pending Motion to Dismiss, ECF 15, is DENIED, without prejudice, AS MOOT.

IT IS SO ORDERED.

Dated: October 14, 2026

TRINA L. THOMPSON
United States District Judge

[1] The Ninth Circuit noted it was an open question as to whether the futility exception was good law in light of *International Primate*, but concluded it was bound by its precedent to apply the exception. *Sauk-Suiattle*, 56 F.4th at 1189–90.